Singleton, Judge:
This claim was filed before the Attorney General of West Virginia, on June 29, 1967, was subsequently transferred to this Court after July 1, 1967, and came on for hearing on the *113 9th day of April, 1968. The original petition was in the amount of $47,777.27 allegedly due to the claimant for extra labor, materials, and additional engineering, performed and supplied by the claimant to the State Road Commission in the performance of its contract of road construction on Project 1-64-1 (48) 30, in Putnam County, West Virginia.
At the hearing, counsel for the claimant and respondent tendered a stipulation of agreement relating to the basis of this claim, the pertinent parts of said stipulation reading as follows:
“2. The claimant furnished the labor and materials specified in the contract and has been paid in full therefor. However, this proceeding results from Central’s claim that the respondents are indebted to it for labor and materials the State Road Commission required the claimant to furnish above and beyond the contract and for which the claimant has not been compensated. The respondents agree that compensation for said labor and materials should be paid.
3. The claimant was required to prepare the sub-grade on the project before the claimant could proceed under its contract. The sub-grade item was the responsibility of another contractor under another contract. However, the work was not completed to the satisfaction of the State Road Commission and, consequently, the claimant was required to complete the work in order to be permitted to proceed under the terms and provisions of its contract. The cost of completing the sub-grade preparation item is Seven Thousand Five Hundred Dollars ($7,500.00).
The claimant was adversely affected because of a mistake in the State Road Commission’s plans and specifications in that the plans miscalculated the quantity of traffic bound base course material needed to complete the weigh stations to be included in the project. The claimant was required to crush and stockpile additional cubic yards of material in excess of that called for in the plans and specifications. Further, it was required to haul material to be used in completing the weigh stations from a point twenty-two (22) miles away from the .project. The cost to the claimant for these services and for which it ought to be reimbursed *114 is Eight Thousand Nine Hundred Eighty-three Dollars and Seventy-five Cents ($8,983.75).
4. All other items claimed by Central Asphalt Paving Co. in its petition originally filed with the Attorney General but transferred to this Court are abandoned.
5. There is now due and owing from the respondents to the claimant the sum of Sixteen Thousand Four Hundred Eighty-three Dollars and Seventy-five Cents ($16,483.75).”
Upon consideration of the claimant’s petition, the exhibits filed, the stipulation, and the statements and representations of counsel for the respondent, this Court is of the opinion that this claim is within the jurisdiction of this Court and that the allegations as stipulated by the parties do constitute a valid claim against the State of West Virginia which in equity and good conscience should be paid, and accordingly, it is the judgment of this Court that the claimant, Central Asphalt Paving Co., a corporation, should recover the sum of Sixteen Thousand Four Hundred Eighty-three Dollars and Seventy-five cents ($16,483.75), and it is hereby awarded this amount.
Despite the provisions of Paragraph 6 of the stipulation above referred to, this Court is not of the opinion that this claim arises under an appropriation made by the Legislature of West Virginia during the fiscal year to which the appropriation applies and that this is not a claim under an existing appropriation and that, therefore, the payment procedure as set forth in Chapter 14, Article 2, Section 19, of the Code of West Virginia, one thousand nine hundred thirty-one, as amended, is not applicable.